UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 05 4850

ORIGINAL

------------------------------------------------------------------- x

YAMAHI HOGARTH,

                        Plaintiff,      **COMPLAINT**

        -against-

THE CITY OF NEW YORK, POLICE OFFICER RUDY
LAHENS (Shield no. 25985), POLICE OFFICER
SANTIAGO, JOHN DOES 1-4,

Jury Trial Demanded

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

OCT 1 7 2005

BROOKLYN OFFICE

                            Defendants.

------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The case arises from a June 7, 2005 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to excessive force, assault and battery, and an illegal strip search. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claim of assault and battery. With respect to this state law claim, a notice of claim was duly filed on the City of New York within 90 days of the

assault and battery, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claim. Moreover, this action was filed within one year and 90 days of the assault and battery of plaintiff.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District of New York. Moreover, the incident in question took place in this district.

## PARTIES

5.      Plaintiff is a resident of the State of New York, County of Kings.

6.      The City of New York is a municipal corporation organized under the laws of the State of New York.

7.      Police Officer Rudy Lahens is a member of the NYPD who violated plaintiff's rights as described herein. Lahens is sued in his individual and official capacity.

8.      Police Officer "Santiago" is an unidentified member of the NYPD who violated plaintiff's rights as described herein. Santiago is sued in his individual and official capacity.

9.      John Doe 1-4 are members of the NYPD who acted in concert with defendants Lahens and Santiago in violating plaintiff's rights. John Does 1-4 are sued in their individual and official capacities.

## STATEMENT OF FACTS

10.      On June 7, 2005, at approximately 6:40 p.m., at 585 East 21 Street, Brooklyn, New York, Police Officer Rudy Lahens, Police Officer "Santiago," and approximately four other police officers, identified herein as John Does 1-4, arrested plaintiff. The arrest identification number is K05669019

11.     In the course of arresting plaintiff, the officers, acting in concert, subjected plaintiff to excessive force and assault and battery.

12.     The officers, among other things, handcuffed plaintiff excessively tight, threw plaintiff onto a hard floor, maced plaintiff, struck plaintiff on his back, forcefully pressed a foot against plaintiff's face while plaintiff was lying on the ground, and slammed plaintiff's head into a police car.  Later, at the precinct house, the officers slammed plaintiff's head into the door of a jail cell.   The officers' use of force was unnecessary as plaintiff did not fight with the officers or resist arrest at any time.

13.     At the precinct house, the officers, acting in concert, unlawfully strip searched plaintiff.

14.     The aforesaid strip search was illegal because the offices lacked reasonable suspicion to believe that plaintiff was in possession of drugs, weapons, or contraband.

15.     As a result of defendants' actions, plaintiff suffered physical injuries, including bruising and scarring, pain and suffering, emotional distress, fear, embarrassment, humiliation, shock, and discomfort.  Plaintiff was treated at Maimonides Hospital for his injuries.

**FEDERAL AND STATE LAW CLAIMS AGAINST POLICE OFFICER RUDY LAHENS, POLICE OFFICER SANTIAGO, AND JOHN DOES 1-4**

16.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-15 as if fully set forth herein.

17.     The conduct of Police Officer Rudy Lahens, Police Officer "Santiago," and John Does 1-4, as described herein, amounted to excessive force, assault and battery, and an illegal strip search.  This conduct violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth

and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

## FEDERAL AND STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

18.     Plaintiff repeats and realleges the allegations contained in ¶¶ 1-17 as if fully set forth herein.

19.     The City of New York directly caused the constitutional violations suffered by plaintiff.

20.     Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

21.     Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.  Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

22.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

23.     Moreover, under state law, the City of New York is vicariously liable for the assault and battery of plaintiff.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

4

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Costs, interest and attorney's fees;

d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    October 17, 2005
          Brooklyn, New York


                              CARDINALE & MARINELLI
                              26 Court Street, Suite 1815
                              Brooklyn, New York 11242
                              (718) 624-9391

                              By:


                              _____
                              RICHARD J. CARDINALE (RC-8507)

5