UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

YAMAHI HOGARTH,

                                                Plaintiff,

          -against-

THE CITY OF NEW YORK, POLICE OFFICER RUDY LAHENS, POLICE OFFICER JENNY-ANN NELSON, POLICE OFFICER CHARLES STEWART, POLICE OFFICER JEREMY DEMARCO, POLICE OFFICER MATTHEW REGINA, POLICE OFFICER EDWIN SANTIAGO,

                                                Defendants.

**FIRST AMENDED COMPLAINT**

05 CV 4850 (RJD) (RML)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.  The case arises from a September 7, 2005 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to excessive force, assault and battery, and an illegal strip search. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claim of assault and battery. With respect to this state law claim, a notice of claim was duly filed on the City of New York within 90 days of the assault and battery, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claim. Moreover, this action was filed within one year and 90 days of the assault and battery of plaintiff.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District of New York and because the incident in question took place in this district.

## **PARTIES**

5. Plaintiff is a resident of the State of New York, County of Kings.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officer Rudy Lahens is a member of the NYPD who violated plaintiff's rights as described herein. Lahens is sued in his individual and official capacity.

8. Police Officer Jenny-Ann Nelson, Shield no. 01731, is a member of the NYPD who violated plaintiff's rights as described herein. Nelson is sued in her individual and official capacity.

9. Police Officer Charles Stewart, Shield no. 10943, is a member of the NYPD who violated plaintiff's rights as described herein. Stewart is sued in his individual and official capacity.

10. Police Officer Jeremy DeMarco, Shield no. 14529, is a member of the NYPD who violated plaintiff's rights as described herein. DeMarco is sued in his individual and official capacity.

11. Police Officer Matthew Regina, Shield no. 18203, is a member of the NYPD who violated plaintiff's rights as described herein. Regina is sued in his individual and official capacity.

12. Police Officer Edwin Santiago, Shie1d 16439, is a member of the NYPD who violated plaintiff's rights as described herein. Santiago is sued in his individual and official capacity.

## STATEMENT OF FACTS

13. On September 7, 2005, at approximately 6:40 p.m., at 585 East 21 Street, Brooklyn, New York, Police Officers Rudy Lahens, Jenny-Ann Nelson, Charles Stewart, Jeremy DeMarco, Matthew Regina, and Edwin Santiago (collectively referred to herein as the "officers") arrested plaintiff.

14. In the course of arresting plaintiff, the officers, acting in concert, subjected plaintiff to excessive force and assault and battery.

15. The officers, among other things, handcuffed plaintiff excessively tight, threw plaintiff onto a hard floor, maced plaintiff, struck plaintiff on his back, forcefully pressed a foot against plaintiff's face while plaintiff was lying on the ground, and slammed plaintiff's head into a police car. Later, at the precinct house, the officers, acting in concert, slammed plaintiff's head into the door of a jail cell.

16. Those officers who did not physically beat plaintiff stood by and failed to take remedial action.

17. At the precinct house, the officers, acting in concert, unlawfully strip searched plaintiff.

18. The aforesaid strip search was illegal because the officers lacked reasonable suspicion to believe that plaintiff was in possession of drugs, weapons, or contraband.

19. As a result of defendants' actions, plaintiff suffered physical injuries, including bruising and scarring, pain, emotional distress, fear, embarrassment, humiliation, and discomfort. Plaintiff was treated at Maimonides Hospital for his injuries.

**FEDERAL AND STATE LAW CLAIMS AGAINST POLICE OFFICERS RUDY LAHENS, JENNY-ANN NELSON, CHARLES STEWART, JEREMY DEMARCO, MATTHEW REGINA, AND EDWIN SANTIAGO**

20. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-19 as if fully set forth herein.

21. The conduct of Police Officers Rudy Lahens, Jenny-Ann Nelson, Charles Stewart, Jeremy Demarco, Matthew Regina, and Edwin Santiago, as described herein, amounted to excessive force, assault and battery, and an illegal strip search. This conduct violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

**FEDERAL AND STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK**

22. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-21 as if fully set forth herein.

23. The City of New York directly caused the constitutional violations suffered by plaintiff.

24. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

25. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

26. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

27. Moreover, under state law, the City of New York is vicariously liable for the assault and battery of plaintiff.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   July 18, 2006
              Brooklyn, New York

                                    CARDINALE & MARINELLI
                                    26 Court Street, Suite 1815
                                    Brooklyn, New York 11242
                                    (718) 624-9391

                                    By:


                                    _____
                                    RICHARD J. CARDINALE (RC-8507)